IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA MURPHY                                                                                           PLAINTIFF

V.                              CIVIL ACTION NO. 2:15-CV-2086-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                                   DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that the ALJ's RFC assessment is not supported by substantial evidence. The ALJ relied on the assessments of two non-examining physicians, both outdated and completed without the benefit of more recent treatment records from treating physicians, Drs. Patty Pettway, Regina Thurman, and orthopedic specialist, Dr. Thomas Cheyne. Treatment notes from these treating physicians indicate that the Plaintiff was limited with regard to lifting no more than 10 pounds, twisting and bending, and sitting and standing for extended periods. The ALJ, however, concluded the Plaintiff could perform unskilled, light work. *See Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (holding opinion of a treating physician is accorded special deference and

will be granted controlling weight when well supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record). Because light work requires to ability to lift and carry 10 pounds frequently and 20 pounds occasionally, as well as stand and walk in combination for at least 6 hours during an 8-hour workday, the Court finds remand necessary for further consideration of the Plaintiff's RFC.

On remand, the ALJ is directed to obtain an RFC assessment from Dr. Cheyne, specifically requesting that he assess the Plaintiff's ability to consistently perform work-related activities during an eight-hour workday. Dr. Cheyne should also be asked to provide the objective basis of his opinion. Should Dr. Cheyne be unwilling or otherwise unable to complete said RFC assessment, the ALJ is directed to order a consultative orthopedic exam complete with an RFC assessment. In so doing, the consultant should be provided with a complete set of the Plaintiff's medical records prior to the consultation.

The ALJ is further directed to recontact Dr. Regina Thurman and request the objective bases for her 2012 medical source statement.

IT IS SO ORDERED AND ADJUDGED on this the 29th day of July, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE